## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**NA'EEM BETZ**
4244 HILDRETH ST. SE
WASHINGTON, D.C. 20019-9998

**PLAINTIFF / PRO SE**

v.

**MY COMPUTER CAREER, INC.**
5511 CAPITAL CENTER DR. SUITE # 500
RALEIGH, NORTH CAROLINA 27606

**DEFENDANTS / RESPONDANTS**

**ORIGINAL VERIFIED COMPLAINT FOR DAMAGES, STATUTORY, PUNITIVE, ACTUAL, FEES AND EXPENSES, COSTS, AND OTHER RELATED RELIEF**

**JURY TRIAL DEMANDED 12 JURORS**

Case: 1:21-cv-01080   JURY DEMAND
Assigned To : Jackson, Amy Berman
Assign. Date : 4/16/2021
Description: Pro Se Gen Civ (F-DECK)

**COMES NOW,** the Plaintiff(s) Na'eem Betz complaining of the Defendant(s) and as follows;

I.          **ORIGINAL VERIFIED COMPLAINT**

**NATURE OF ACTION**

1. Plaintiff(s), Na'eem Betz, individually, hereby sues Defendant(s) My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER") for new violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(c)(5), 47 U.S.C. §227 (b)(1)(A)(iii), invasion of privacy intrusion upon seclusion.

**ORIGINAL VERIFIED COMPLAINT**
~ **1** ~

**II.**                               **PRELIMINARY STATEMENT**

2. This is an action for damages and injunctive relief brought by Plaintiff(s) Na'eem Betz against

Defendant(s) My Computer Career, Inc., *et al.*, d/b/a/ ("MYCOMPUTERCAREER") for

violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(c)(5).

3. Upon belief and information, Plaintiff(s) contends that many of these practices are widespread

for the Defendant(s). Plaintiff(s) Na'eem Betz intends to propound discovery to Defendant(s)

Defendant(s) My Computer Career, Inc., *et al.*, d/b/a/ ("MYCOMPUTERCAREER") identifying

all telephone numbers used / number of times called in placing or making telephone calls to

consumers like Plaintiff Na'eem Betz cellular telephone in direct violation of ("TCPA") 47 U.S.C.

§ 227(c)(5), ("FTC") National Do Not Call Registry.

4. Plaintiff(s) contends that the Defendant(s) have violated such laws by repeatedly harassing

Plaintiff(s) by calling his wireless telephone number ending in 8063 which is registered on the

("FTC") National Do Not Call Registry since April 22, 2012. Anyone whose numbers are

registered on the ("DNC") list that has received two telemarketing calls within a twelve-month

period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or

robo calls. The ("DNC") provision is a powerful section of the ("TCPA") because it prohibits calls

to both cell phone and residential lines, which are registered on the federal or company specific

do-not call lists. It is not necessary to prove the telemarketer used an ("ATDS") or used artificial

or pre-recorded voice messages. Live calls to numbers registered on the ("DNC") are prohibited.

**III.**                           **JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises under Telephone Consumer Protection Act, ("TCPA")

47 U.S.C. §227(3)(C) et seq. Federal Question Jurisdiction 28 U.S.C. § 1331. Supplemental

**ORIGINAL VERIFIED COMPLAINT**
~ 2 ~

1  jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. See Mims v. Arrow Fin.

2  Servs., LLC, 132 S. Ct. 740, 745 (2012).

3     6.  Venue is proper pursuant to 28 U.S.C. §1391(b)(2). (b)Venue in General. —A civil action

4
   may be brought in— (2) a judicial district in which a substantial part of the events or omissions

5
   giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

6

7  situated.

8  **IV.**                                      **PARTIES**

9     7.  Plaintiff(s), Na'eem Betz, is a natural person and is a resident of Washington, D.C. or

10
    Washington, District of Columbia which is the Federal District Capital of the United States of

11

12  America.

13     8.  Upon information and belief Defendant(s) My Computer Career, Inc., *et* al., d/b/a/

14  ("MYCOMPUTERCAREER") located at: 5511 Capital Center Dr. Suite # 500 Raleigh, North

15  Carolina 27606. Upon information and belief Defendant(s) My Computer Career, Inc., et al.,
16
    d/b/a/ ("MYCOMPUTERCAREER") offers computer training courses and programs online and in
17
18  campus from eight different locations. These in campus locations include Sugar Land - Texas,

19  Westerville - Ohio, Arlington -Texas, Dallas -Texas, Houston – Texas, Indianapolis - Indiana,

20  Charlotte - North Carolina, Raleigh - North Carolina. The online courses are offered nationwide in

21  the United States Of America. Programs like ("CSE") - Cyber Security Engineer Program. Upon
22
23  completion, the candidate will know how to plan, configure, and operate simple WAN and

24  switched LAN networks. Students will also understand VLSM, IPv6, OSPF, and EIGRP protocols

25  and learn to use access lists using NAT and DHCP.

26

27

28
                              **ORIGINAL VERIFIED COMPLAINT**
                                       **~ 3 ~**

9. Upon information and belief Defendant(s) My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER") ITSA - Information Technology Security and Administration Program. Upon completion of the program, the candidate will have valuable understanding and skills in basic hardware installation, troubleshooting and maintenance, networking and topology support, security configuration and analysis, as well as the configuration, securing, maintenance and troubleshooting of a computer network. CSS - Cyber Security Specialist. Upon completion of the program, the candidate will know how to plan, configure, and operate simple WAN and switched LAN networks as well as know how intruders escalate privileges and what steps can be taken to secure a system. *Offered on all campuses except Arlington, TX.

10. Upon information and belief Defendant(s) My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER") Associate's Program Associate of Applied Science in Network Administration and Cyber Security This is designed for students who want to earn numerous IT certifications as well as receive a well-rounded education. *Fully online through our Columbus (Westerville), OH campus.

11. Upon information and belief Defendant(s) My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER") offers certified Ethical Hacking and Networking Certifications…We're Here to Prepare You! If you're ready to start your Information Technology career, we're here to provide you with the training, experience and other resources you need to achieve your goals. Our programs can prepare you for the sought-after IT certifications employers are looking for. Why are IT certifications necessary? The field of information technology is so broad, individual IT certifications allow you to stand out as a specialist in your field and prove to employers that you have the skills they need.

**ORIGINAL VERIFIED COMPLAINT**
~ **4** ~

1

2   At ("MyComputerCareer"), you can earn certifications that pave the way for careers in:

3   Network Administration

4
    Systems Administration
5

6   Help Desk Support

7   Certified Ethical Hacking

8   And so much more! Which IT certifications do I need?

9   ("MyComputerCareer") works with thousands of IT employers and hiring managers to discover

10  which certifications are the most versatile and in-demand. Specifically tailored for students new to

11  IT, you can count on us to help you gain the skills, certifications, and opportunities you'll need to

12  enjoy a rewarding career. Prove to potential employers that you have the "right stuff" with

13  professional IT certifications from the most powerful brands in information technology:

14  Microsoft
15
    CompTIA
16
17  Cisco

18  Linux

19  EC-Council

20
    Even if you're just starting in IT, our in-depth programs will turn you into a skilled specialist! You
21
22  know IT careers are in-demand and rewarding, but what if that's really all you know? Is a career

23  in IT possible even if you are a tech beginner? Absolutely! Many of our students come to us with

24  little prior knowledge or experience in technology, and that's perfectly okay. Age, previous work

25  experience, and computer know-how up to this point are not qualifiers to starting your IT career.

26  ("MyComputerCareer") is your first step to your new career path. With our in-depth programs that
27

28
                           **ORIGINAL VERIFIED COMPLAINT**
                                      **~ 5 ~**

offer both detailed instruction and hands-on application, you'll earn the certifications that prove to

employers you are a skilled professional who is ready to succeed!

**V.**            **LEGAL BASIS FOR THE CLAIMS**

12. The Federal Communications Commission plays a crucial role in helping consumers stop

unwanted calls and text messages. Under the Telephone Consumer Protection Act, the FCC

provides clarity on the law, sets rules, takes enforcement actions, and provides resources for

consumers.



Federal
Communications
Commission

Consumer Help Center

Rules and Resources for Dealing with Unwanted Calls and Texts

Consumers can take back their permission to be called or texted in any reasonable way.
A calling company cannot require someone to fill out a form and mail it in as the only
way to revoke consent.

*"See Attached Exhibit C – (FTC)(FCC) Federal Communications Commission - Consumer Help*

*Resources Know your Rights: The Rules on Robocalls and Robotexts."*

Congress enacted the ("TCPA") in 1991 to address certain practices thought to be an invasion of

consumer privacy and a risk to public safety. The ("TCPA") and the Federal Communications

Commission's ("FCC") implemented rules to prohibit: (1) making telemarketing calls using an

artificial or prerecorded voice to residential telephones without prior express consent; and (2)

**ORIGINAL VERIFIED COMPLAINT**
**~ 6 ~**

making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.

13. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing. Calls that include non-marketing messages require consent, but not written consent. The ("TCPA") grants consumers a private right of action, with a provision for ($500) or the actual monetary loss in damages for each violation, whichever is greater, and treble damages ($1500) for each willful or knowing violation, as well as injunctive relief.

14. Since the TCPA's passage in 1991, the ("FCC") has taken multiple actions implementing and interpreting the ("TCPA") and has issued numerous Declaratory Rulings clarifying specific aspects of the ("TCPA"). The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ("ATDS") is nearly any dialing system, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.

15. In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "auto-dialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an auto dialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using the device with the capacity to serve as an ("ATDS") requires consent under the ("TCPA"), even if the caller is not "actually...using those functionalities to place calls" at the time.

Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called

**ORIGINAL VERIFIED COMPLAINT**

~ 7 ~

advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

16. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

17. Furthermore, the ("TCPA") established the National Do-Not-Call List and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The ("IDNC") is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The ("TCPA") prohibits a company from calling individuals on its ("IDNC") list or on the ("IDNC") list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. At § 64.1200(d)(3),(6). Any company or someone on the company's behalf, who calls a member of the company ("IDNC") is liable to that person under the ("TCPA"). The called party is then entitled to bring a private action under the ("TCPA") for monetary and injunctive relief.

**ORIGINAL VERIFIED COMPLAINT**

**~ 8 ~**

18. Finally, in 2008, the ("FCC") held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCCR cd. 559, 565, ¶ 10 (Jan. 4, 2008); Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (Dec. 31, 2012). Accordingly, the entity can be liable under the ("TCPA") for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity. In interpreting the ("TCPA"), it should be borne in mind that "[t]he ("TCPA") is a remedial statute that was passed to protect consumers from unwanted automated telephone calls." Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 271 (3d Cir. 2013) citing S. Rep. 102-178, at 5 (1991), reprinted in 1991 U.S.C.C.A.N. 1968, 1972. The ("TCPA") provides a private right of action for injunctive relief and damages. Id. § 227(b)(3). A text message to a cell phone is a "call" for purposes of the TCPA. Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 667 (2016).

## VI.                    **FACTUAL ALLEGATIONS**

19. On the date of 03/08/2021 at 9:30am, 03/08/2021 at 1:17pm, 03/08/2021 at 1:17pm, 03/09/2021 at 11:42am, 03/09/2021 at 4:44pm, 03/10/2021 at 9:49am, 03/10//2021 at 2:51pm, 03/11/2021 at 8:57am, 03/11/2021 at 7:29am, 03/12/2021 at 8:44am, 03/12/2021 at 1:59pm, 03/13/2021 at 11:36am, 03/15/2021 at 10:17am, 03/15/2021 at 1:48pm, 03/16/2021 at 11:53pm, 03/16/2021 at 4:54pm, 03/17/2021 at 11:57pm, 03/17/2021 at 4:58pm, , 03/18/2021 at 12:23pm, 03/19/2021 at 1:03pm. Defendant(s) My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER") violated the TCPA by calling Plaintiff(s) Na'eem Betz wireless telephone used for both personal and residential (202-XXX-8063), "numerous "or '20" plus times

**ORIGINAL VERIFIED COMPLAINT**
~ **9** ~

from the telephone number (202-926-3951). Defendant(s) My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER") has demonstrated willful or knowing noncompliance with 47 USC § 227(c)(5) by calling Plaintiff(s) Na'eem Betz wireless telephone used for both personal and residential number (202-XXX-8063), "numerous" or "20" plus times which is registered on the National Do Not Call Registry (DNC) since April 22, 2012. Plaintiff(s) number, which is assigned to a cellular telephone service and is charged for monthly telephone usage and other communication services. These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff(s) Na'eem Betz. The Defendant(s) actions caused lost time, aggravation, and continued distress. Plaintiff(s) discovered after listening to several voice mails from (202-926-3951) the recorded message by Mr. Bruce from ("MYCOMPUTERCAREER") stating the calls are related to grants for computer programs and trainings enrollment courses. Plaintiff never authorized Mr. Bruce from ("MYCOMPUTERCAREER") to advertise or solicit Plaintiff wireless telephone used for both personal and residential without his verbal or express written consent. My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER") never was given verbal, text, email or express written consent for any other advertisements or promotional offers. Plaintiff demands strict proof to the contrary of these false and deceptive statements regarding an alleged inquiry for services. Again, My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER") never scrubbed Plaintiff(s) wireless telephone against the National Do-Not-Call List or Registry after placing new unwanted personal and residential telephone calls.

A text message to a cell phone is a "call" for purposes of the TCPA. Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 667 (2016).

**ORIGINAL VERIFIED COMPLAINT**
**~ 10 ~**

20. Plaintiff Na'eem Betz is the regular carrier and private user of the cellular telephone assigned the number ending in 8063. These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff(s) Na'eem Betz by making the telephone calls at issue in this Original Verified Complaint, Defendant(s) caused consumer Plaintiff(s) Na'eem Betz actual harm, including the aggravation, nuisance, and invasion of privacy that directly accompanies the receipt of unsolicited and harassing cellular telephone calls. Defendant(s) calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i). Plaintiff(s) Na'eem Betz did not provide Defendant(s) with prior express written consent or prior express consent to place calls to his cellular telephone. Congress enacted the ("TCPA") to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion. Defendant(s) phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy." Defendant(s) phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff(s) rights and interests in Plaintiff(s) cellular telephone. Defendant(s) phone calls harmed Plaintiff by intruding upon Plaintiff(s) seclusion. Defendant(s) harassed Plaintiff by incessantly calling Plaintiff(s) telephone. Defendant(s) phone calls harmed Plaintiff by depleting the battery life on Plaintiff(s) cellular telephone number used for both personal and residential.

*"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff(s) Na'eem Betz confirming cellular telephone registry on the (FTC)(FCC)) National Do Not Call Registry on a number ending in 8063 on*

**ORIGINAL VERIFIED COMPLAINT**

**~ 11 ~**

*April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records from*

*Defendant(s) My Computer Career, Inc., et al., d/b/a/ ("MYCOMPUTERCAREER") "See*

*Attached Exhibit C - (FTC)(FCC) Federal Communications Commission - Consumer Help*

*Resources Know your Rights: The Rules on Robocalls and Robotexts".*

21. Upon information and belief the Defendant(s) never scrubbed Plaintiff(s) wireless telephone against the ("TCPA") established National Do-Not-Call List which also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The ("IDNC") is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The ("TCPA") prohibits a company from calling individuals on its ("IDNC") list or on the ("IDNC") list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. At §64.1200(d)(3)(6). The called party is then entitled to bring a private action under the ("TCPA") for monetary and injunctive relief.

22. Upon and information and belief the Defendant(s) willfully and knowingly called Plaintiff(s) wireless phone "numerous" times from telephone numbers (202-926-3951) while never leaving voicemail messages identifying the true nature of these illegal telephone calls.

23. Telemarketing Calls to "Do-Not-Call"…("DNC") Numbers Prohibited – 47 USC 227(c)(5). This section only applies to telephone solicitation calls. Anyone whose numbers are registered on the ("DNC") list that has received two telemarketing calls within a twelve-month period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or robo calls.

24. The ("DNC") provision is a powerful section of the ("TCPA") because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-

**ORIGINAL VERIFIED COMPLAINT**
**~ 12 ~**

not call lists. It is not necessary to prove the telemarketer used an ("ATDS") or used artificial or pre-recorded voice messages. Live calls to numbers registered on the ("DNC") are prohibited. The best part about ("DNC") violations from the consumer perspective is that the Sixth Circuit Court of Appeals has held that damages under this section may be stacked on top of the ("TCPA") 227(b) section covering "calls to cell phones." This means that the consumer can get up to $3000.00 per call for violations of the cell phone prohibitions and the ("DNC") provisions. Charvat v NMP, LLC, 656 F. 3d 440 (6th Cir. 2011).

25. ("TCPA") Damages: According to the ("TCPA"), as codified in 47 U.S.C. § 227, an individual or entity has a private right of action to bring an action based on a violation of a subsection of the Act. (47 U.S.C. § 227(b)(3) (calls to a cell phone / wireless telephone). An individual or entity may bring an action to enjoin such violations, for monetary loss for such violations, for $500.00 for each such violation, whichever is greater, or for both injunction and damages. If the court finds that the defendant willfully or knowingly violated the regulations under the ("TCPA"), the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount of the statutory compensatory damages above.

26. The body of case law addressing the available damages for a Plaintiff(s) suing under a ("TCPA") private right of action reflects the general rule that where the court finds that the defendant caller has violated a subsection of the Act, it will at least award to the Plaintiff $500 per violation as required by the Act.

27. Furthermore, when the facts of the specific case rise to the level of showing a knowing or willful violation of the Act, the court will, in its discretion and within its jurisdiction, also award exemplary or treble damages that may be as much as three times the damages award. In determining willfulness, the court looks at whether the defendant's actions show its knowledge of

**ORIGINAL VERIFIED COMPLAINT**
**~ 13 ~**

the facts that constitute the offense (knowing); at the prior interactions between the Plaintiff(s) and the Defendant; and at whether the defendant attempted to stall, evade or avoid its obligations under the ("TCPA").

28. Willful and Knowing: Treble Damages One of the best arguments for trebling damages is the standard set forth in 47 U.S.C. § 312 F, Administrative sanctions, which is part of the same section of the United States Code that the ("TCPA") falls under.

(f) "Willful" and "repeated" defined

For purposes of this section:

(1) The term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.

(2) The term "repeated", when used with reference to the commission or omission of any act, means the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day.

29. Courts may treble the damages award if the court finds that Defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the ("TCPA") nor the ("FCC") regulations define the terms "willfully or knowingly", courts have generally interpreted willfulness to imply only that an action was intentional. Smith v. Wade, 461 U.S. 30, 41 n.8 (1983). While the ("TCPA") does not define willful, the Communications Act of 1943, of which the ("TCPA") is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation." In Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2

**ORIGINAL VERIFIED COMPLAINT**
~ **14** ~

(Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the ("TCPA"), the term

acting "willfully" means that "the defendant acted voluntarily, and under its own free will,

regardless of whether the defendant knew that it was acting in violation of the statute." 47 U.S.C.§

227(b)(3).

30. The ("TCPA") defines an ("ATDS") as "equipment which has the capacity — (A) to store or

produce telephone numbers to be called, using a random or sequential number generator; and (B)

to dial such numbers." 47 U.S.C. § 227(a)(1). In a 2015 order, the FCC held that the "("TCPA") 's

use of `capacity' does not exempt equipment that lacks the `present ability' to dial randomly or

sequentially," and that "the capacity of an autodialer . . . also includes its potential functionalities."

See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act

of 1991, 30 F.C.C. Rcd. 7961, 7974 (July 10, 2015) ("2015 Order").

31. The list of the numerous or "20" plus "INCOMING" telephone calls placed by the

Defendant(s) My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER").

    1. Call on Monday, 03/08/2021 at 9:30am from (202-926-3951)

    2. Call on Monday, 03/08/2021 at 1:17pm from (202-926-3951)

    3. Call on Monday, 03/08/2021 at 1:17pm from (202-926-3951)

    4. Call and Voice Message Length :20 seconds Call on Tuesday, 03/09/2021 at
11:42am / 11:44am from (202-926-3951)

    5. Call on Tuesday, 03/09/2021 at 4:44pm from (202-926-3951)

    6. Call and Voice Message Length :74 seconds on Wednesday, 03/10/2021 at 9:49am /
9:52AM from (202-926-3951)

    7. Call on Wednesday, 03/10/2021 at 2:51pm from (202-926-3951)

    8. Call on Thursday, 03/11/2021 at 8:57am from (202-926-3951)

**ORIGINAL VERIFIED COMPLAINT**
**~ 15 ~**

9. Call and Voice Message Length :3 seconds on Thursday, 03/11/2021 at 7:29pm / 7:31pm from (202-926-3951)

10. Call and Voice Message Length :29 seconds on Friday, 03/12/2021 at 8:44am / 8:46am from (202-926-3951)

11. Call on Friday, 03/12/2021 at 1:59pm from (202-926-3951)

12. Call on Saturday, 03/13/2021 at 11:36am from (202-926-3951)

13. Call on Monday, 03/15/2021 at 10:17am from (202-926-3951)

14. Call on Monday, 03/15/2021 at 1:48pm from (202-926-3951)

15. Call on Tuesday, 03/16/2021 at 11:53am from (202-926-3951)

16. Call on Tuesday, 03/16/2021 at 4:54pm from (202-926-3951)

17. Call on Wednesday, 03/17/2021 at 11:57am from (202-926-3951)

18. Call on Wednesday, 03/17/2021 at 4:58pm from (202-926-3951)

19. Call on Thursday, 03/18/2021 at 12:23pm from (202-926-3951)

20. Call on Friday, 03/19/2021 at 1:03pm from (202-926-3951)

*Calling a consumer who has asked not to be called potentially exposes a seller and telemarketer to a civil penalty of $16,000 ($40,000 beginning 08/01/16) per violation. Violators will be subject to civil penalties of up to $16,000 ($40,000 beginning 08/01/16) per violation, as well as injunctive remedies.*

**VII.**                                    **COUNT I**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**VIOLATIONS OF 47 U.S.C.§227(c)(5)**
**FOR CALLS PLACED TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY**

32. Plaintiff(s) alleges and incorporates the information in paragraphs 1 through 43.

33. Defendant(s) has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(c)(5) by calling Plaintiff(s) Na'eem Betz wireless telephone number 202-XXX-8063 that has

**ORIGINAL VERIFIED COMPLAINT**
**~ 16 ~**

been placed on the National Do Not Call Registry (DNC) since April 22, 2012, Plaintiff(s) number, which is assigned to a cellular telephone service. Plaintiff(s) Na'eem Betz has never consented verbally or in writing to receive telephone calls from the Defendant(s) My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER"). The ("DNC") provision is a powerful section of the ("TCPA") because it prohibits calls to both cell phone and residential lines, which are registered on the Federal or company specific Do-Not Call lists. It is not necessary to prove the telemarketer used an ("ATDS") or used artificial or pre-recorded voice messages. Live calls to numbers registered on the ("DNC") are prohibited.

34. *"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff(s) Na'eem Betz confirming cellular telephone registry on the (FTC)(FCC) National Do Not Call Registry on a number ending in 8063 on April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records from Defendant(s) My Computer Career, Inc., et al., d/b/a/ ("MYCOMPUTERCAREER") "See Attached Exhibit C – (FTC)(FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

Consent or permission must be evidenced by a registrant's signed, written agreement to be contacted by the telemarketer. Id. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. Id.

35. A person whose number is on the Registry and has received more than one telephone solicitation within any twelve-month period by or on behalf of the same entity in violation of the ("TCPA") can sue the violator and seek the same statutory damages available under § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

**ORIGINAL VERIFIED COMPLAINT**
**~ 17 ~**

36. Each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the National Do Not Call Registry. The ("TCPA") imposes liability on entities that do not directly place illegal calls. It has long been the law that a seller of goods or services can be liable for ("TCPA") violations even if the seller does not directly place or initiate the calls. As explained by the ("FCC"), the ("TCPA") and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."

37. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995). The ("FCC") reiterated this principle in 2005 when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party in the name of that company are treated as if the company itself placed the call."

38. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005). The ("FCC") reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. In re Joint Pet. Filed by Dish Network, 28 FCCR 6574 (2013).

39. Violation of § 227(c) for calls placed to numbers listed on the ("FCC") - National Do Not Call Registry, each Defendant(s) violated 47 U.S.C. § 227(c) by sending, either directly or through

**ORIGINAL VERIFIED COMPLAINT**
**~ 18 ~**

the actions of others, telephone solicitation calls to telephone numbers listed on the ("FTC")

("FCC") - National Do Not Call Registry.

40. Defendant(s) has committed "numerous" or "20" plus separate violations of 47 U.S.C. §

227(c) and Plaintiff(s) is entitled to damages of $500 per violation pursuant to 47 U.S.C. § 227(b)

– the greater of actual damages or $500, a figure that may be trebled for willful or knowing

violations up to $1500 47 U.S.C. § 227(c)(5). The acts and practices alleged in Paragraphs 1-43

constitute violations of section 47 U.S.C. § 227(c)(5).

41. The frequency of this unauthorized cellular telephone calls have facial plausibility that

Plaintiff(s) Na'eem Betz has plead as factual content that will allow the court to draw the

reasonable inference that the Defendant(s) My Computer Career, Inc., *et* al., d/b/a/

("MYCOMPUTERCAREER") is liable for their *unlawful* conduct and behavior. Assuming the

truth of Plaintiff(s) factual allegations, the Court will find all claims to be facially plausible.

**IV.**                              **PRAYER FOR RELIEF**

42. **WHEREFORE,** Plaintiff Na'eem Betz demands judgment for monetary damages against

the Defendant(s) My Computer Career, Inc., *et* al., d/b/a/ ("MYCOMPUTERCAREER") fifty

thousand dollars for actual or statutory damages, punitive damages, attorney's fees and costs and

further relief as the Court deems just and proper.

**X.**                              **DEMAND FOR JURY TRIAL**

43. Plaintiff(s) hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 5th day of April 2021.

**ORIGINAL VERIFIED COMPLAINT**
**~ 19 ~**

**XI.**      <u>**VERIFICATION OF COMPLAINT AND CERTIFICATION**</u>

**(DISRTICT OF COLUMBIA)**

Plaintiff(s), Na'eem Betz, states as follows:

I am the Plaintiff(s) in this Federal Civil proceeding.

I believe that this Original Verified Complaint is well grounded in fact and warranted by

existing law or by a good faith argument for the extension, modification or reversal of existing

law. I believe that this Original Verified Complaint is not interposed for any improper purpose,

such as to harass any Defendant(s) cause unnecessary delay to any Defendant(s), or create a

needless increase in the cost of litigation to any Defendant(s), named in the Original Verified

Complaint. I have filed this Original Verified Complaint in good faith and solely for the purposes

set forth in it. Each and every exhibit I have provided which has been attached to this Original

Verified Complaint is a true and correct copy of the original.

Except for clearly indicated redactions made by my Plaintiff(s) Na'eem Betz where appropriate,

I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), Na'eem Betz, hereby declare (or certify, verify or state) under

penalty of perjury that under the laws of the United States of America that the

foregoing is true and correct. Executed on April 5th, 2021.

_Na'eem Omar Betz_
Na'eem Betz

Date: <u>April 5th, 2021</u>                    Plaintiff, In Propria Persona
                                          ALL RIGHTS RESERVED

NA'EEM BETZ
4244 HILDRETH ST.SE
WASHINGTON, D.C. 20019-9998
nobetzo@gmail.com

**ORIGINAL VERIFIED COMPLAINT**

**~ 20 ~**

NA'EEM BETZ
P.O. BOX 15714
WASHINGTON, D.C. 20003-9998

**XII**.                              <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 5th day of April 2021, I filed the foregoing by CM/ECF System for

District Court for the District of Columbia which will then send a notification of such filing. I

further state under oath that I caused the forgoing, to be served on the parties listed below by

United States Postal Service postage prepaid as a courtesy, on the following:

I certify that a copy of the Verified Complaint will be served upon the Defendant(s) registered

agent, below in compliance with FRCP Rule 4; Pursuant to Local Civil Rules.

**MY COMPUTER CAREER, INC.**
5511 CAPITAL CENTER DR. SUITE # 500
RALEIGH, NORTH CAROLINA 27606

Defendant **MY COMPUTER CAREER, INC.**
represented by;

**MANNING FULTON & SKINNER PA**
3605 GLENWOOD AVENUE, SUITE 500
RALEIGH, NC 27612

P. O. BOX 20389
RALEIGH, NC 27619-0389

**RITCHIE W. TAYLOR**
PHONE: 919.787-8880
FAX: 919.325.4624
TAYLOR@MANNINGFULTON.COM

*Lead Attorney To Be Noticed*

**NA'EEM BETZ**
4244 HILDRETH ST. SE
WASHINGTON, D.C. 20019-9998
nobetzo@gmail.com

**ORIGINAL VERIFIED COMPLAINT**
**~ 21 ~**

NA'EEM BETZ
P.O. BOX 15714
WASHINGTON, D.C. 20003

Date: April 5th, 2021

*Na'eem Omar Betz*
Na'eem Betz
Plaintiff, In Propria Persona
ALL RIGHTS RESERVED

**ORIGINAL VERIFIED COMPLAINT**

~ **22** ~