**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| NA'EEM BETZ,<br><br>　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>MYCOMPUTERCAREER, INC.,<br><br>　　　　　Defendant. | **Case No. 1:21-CV-01080-ABJ**<br><br>**Honorable Judge Amy B. Jackson** |

## JOINT RULE 16.3 STATUS REPORT

Plaintiff Na'eem Betz, pro se, and Defendant MyComputerCareer, Inc. ("MCC"), through counsel, hereby submit this Joint Local Rule 16.3 Status Report.

## A.  DISCOVERY PLAN

A proposed discovery plan is attached hereto. The Court may adopt or alter parts of the proposed discovery plan.

## B.  MATTERS DISCUSSED BY PLAINTIFF AND COUNSEL FOR DEFENDANT

### 1)  Preliminary Dispositive Motions

The parties do not intend to file preliminary dispositive motions.

### 2)  Joinder of Parties/Amendment of Pleadings

Any additional parties may be joined and the pleadings may be amended without leave at any time within 45 days after the initial scheduling conference. Thereafter, additional parties and/or amendments of the pleadings may only be made with leave of court.

### 3)  Assignment to Magistrate

The parties do not consent to transfer this matter to a magistrate judge.

4) **Possibility of Settlement**

By Plaintiff: Plaintiff's position is he never gave express prior consent written, verbal, or otherwise, to be contacted on his cellular telephone used for both personal and residential for any telemarketing purposes with prerecorded messages. Plaintiff never opted in on the Defendant company website to receive these harassing repeated calls with prerecorded messages. Plaintiff did not ever provide his name, email, telephone number regarding any alleged online inquiry. The Defendant has admitted to the material fact that Plaintiff did not provide his information opting into an online inquiry. Plaintiff wireless telephone number ending in 8063 which is registered on the ("FTC") National Do Not Call Registry since April 22, 2012.

Defendant admitted MCC's calling records do not always track the time of the calls alleged by Plaintiff. Defendant's behavior and conduct are in direct conflict with the TCPA's standards for reasonable practices and procedures to prevent telephone solicitations to numbers on the national "do-not-call" list.

Plaintiff takes his right to privacy as serious as the legislation congress passed to protect it. Congress enacted the ("TCPA") to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Defendants phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

Again, Plaintiff is not mandated to answer calls specifically from telemarketer or other unknown parties when Plaintiff wireless telephone number ending in 8063 which is registered on the ("FTC"), ("FCC" ) National Do Not Call Registry since April 22, 2012.

The Second, Third, Fourth, and Ninth Circuits have taken a different approach, and have found Article III standing can be satisfied even with bare procedural violations by focusing on the underlying language in the statute created a protected interest.

In Van Patten v. Vertical Fitness Group, LLC (2017), the Ninth Circuit found that two text messages constituted sufficient injury to confer Article III standing for a TCPA class action. The court reasoned that the TCPA represents Congress's establishment of "the substantive right to be free from certain types of phone calls and texts absent consumer consent" and that Congress "identified unsolicited contact as a concrete harm," thus meeting Spokeo's standards.

In Susinno v. Work Out World, Inc. (2017), the Third Circuit found that a single, pre-recorded voicemail resulting from an unanswered call constituted concrete enough harm for Article III standing in a TCPA class action. The court reached this conclusion based on the TCPA's text identifying pre recorded calls as a nuisance.

In Cunningham v. Radius Global Solutions Llc (2020), the Eastern District of Texas found that a single missed call constituted concrete harm, allowing an infamous serial plaintiff to have Article III standing for a lawsuit under the TCPA, Fair Debt Collection Practices Act (FDCPA), and two Texas state-level statutes.

Defendant's counsel keeps making false and deceptive statements regarding Plaintiff character regarding an "alleged scheme". The only scheme here is the one Defendant's counsel intentionally creates out of thin air. Defendants knows the full name, email, of the person who supplied the written information on its website. Defendant admitted having sent a confirmation email to this person.

Plaintiff remains open to the possibility of having healthy settlement discussions. Defendant counsel maybe refusing to participate and present any counter offers to their client.

By Defendant: Defendant's position is that it simply called back a telephone number provided to Defendant as part of an online inquiry submitted on Defendant's website.  Plaintiff admittedly never answered any of the calls placed by Defendant, and Defendant promptly stopped calling the subject telephone number Plaintiff represents to be his once Defendant received a cryptic letter from Plaintiff on March 18, 2021.  Defendant denies liability entirely, while Plaintiff's purported settlement offer(s) to date far exceed any potential recovery permitted under the TCPA for the claim alleged.  Put differently, the sums demanded by Plaintiff are legally impossible given his claim, and Defendant does not wish to participate in a scheme it views as an abuse of the legal process to leverage an *in terrorem* settlement.

**5) Alternative Dispute Resolution**

By Plaintiff: Naeem Betz trusts that (ADR) could benefit the parties to reaching a settlement agreement.  When civil cases are settled early – before they become costly and time-consuming – all parties and the court benefit. The Federal Bar Association Alternative Dispute Resolution Task Force Report stated:

[T]he major ADR related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the timing of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

Plaintiff trusts that (ADR) should take place before or after the filing of the first amended complaint or after the exchange of Rule 26(a)(1) initial disclosures. Plaintiff reserves his right to mediation.

By Defendant: Defendant believes that it is too soon to determine whether this matter could benefit from alternative dispute resolution.

**6) Subsequent Dispositive Motions**

By Plaintiff: Plaintiff proposes that dispositive motions being should be filed within 30 day after the official close of all discovery or before the pretrial scheduling conference. Plaintiff has the right to discover all material facts from the Defendant. Plaintiff proposes that any opposition should be filed 15 days thereafter, and any reply 15 days thereafter.

By Defendant: Defendant proposes that dispositive motions should be filed within 30 days after the close of fact discovery. Defendant proposes that any opposition should be filed 15 days thereafter, and any reply 15 days thereafter.

**7) Rule 26(a)(1) Initial Disclosures**

The parties will make their respective Rule 26(a)(1) disclosures on or before July **31,** 2021.

**8) Discovery Guidelines**

The parties agree that the standard limits on discovery should apply, except with a limit of 2 depositions; but each reserve the right to request exceptions to those limits should such exceptions prove necessary (although such exceptions are not anticipated by either party).

**9) Discovery Issues**

The parties agree that discovery requests and responses shall be served by e-mail or otherwise electronically.  The parties agree to use PDF format for documents and a commonly used format for all other types of files (e.g., MP3 for audio files).  The parties agree to preserve all evidence, including by removing any automatic deletion on their emails, phones, or other electronic storage.

**10) <u>Privilege</u>**

The parties agree that privilege is likely not to be an issue in this matter.  If privilege becomes an issue, then the parties agree to exchange privilege logs.

<u>By Plaintiff</u>: Plaintiff will file the appropriate motions with the court concerning a claim of privilege or a protective order.

**11) <u>Expert Witness Reports and Information</u>**

Plaintiff and Defendant states that expert witnesses, if any, be designated within 60 days after the close of fact discovery, that rebuttal expert witnesses, if any, be designated within 30 days after the disclosure of expert witnesses, and that expert depositions be taken within 30 days after the disclosure of rebuttal experts.

**12) <u>Class Actions</u>**

Not applicable.

**13) <u>Bifurcation of Trial or Discovery</u>**

The parties do not believe that trial and/or discovery should be bifurcated.

**14) <u>Pretrial Conference Date</u>**

The parties agree that the Court should set a pretrial conference date within 60 days of the completion of discovery, the conclusion of ADR, if any, or the resolution of all dispositive motions, whichever is later.

**15) <u>Trial Date</u>**

The parties agree that the Court should set a trial date at the pre-trial conference.

**16) <u>Miscellaneous Matters</u>**

<u>By Plaintiff</u>: Plaintiff request that the Honorable Court ORDER that, before bringing a discovery dispute to the Court's attention, the parties must meet and confer in good faith in an

attempt to resolve the dispute informally. If the parties are unable to resolve the dispute, they must contact chambers to arrange for a telephonic conference with the Court. The parties must obtain leave of the Court before filing any motion relating to a discovery dispute. Any discovery motions that are filed prior to obtaining such leave may be summarily denied for failure to comply.

By Defendant: Defendant does not wish to raise any other matters at this time.


/s/ Na'eem Omar Betz
Mr. Na'eem Betz
4244 Hildreth Street, SE
Washington, DC 20019
nobetzo@gmail.com
*Plaintiff*

/s/ Adam Bowser
Adam Bowser (DC Bar No. 992070)
Zachary D. Smith (DC Bar No. 888273670)
Laura E. Zell (DC Bar No. 1044336)
Arent Fox LLP
1717 K Street, NW
Washington, DC 20006
Tel.:  (202) 857-6000
Fax:  (202) 857-6395
Adam.Bowser@arentfox.com
Zachary.Smith@arentfox.com
Laura.Zell@arentfox.com

*Attorneys for Defendant MyComputerCareer, Inc.*