**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

NA'EEM BETZ,

       Plaintiff,

       v.

MYCOMPUTERCAREER, INC.,

       Defendant.

**Case No. 1:21-CV-01080-ABJ**

**Honorable Judge Amy B. Jackson**

## **PROPOSED SCHEDULING ORDER**

Attorneys of record (and *pro se* parties) shall read this Scheduling Order in its entirety upon receipt and are responsible for ensuring that members of the attorney's staff are also familiar with and follow these procedures and the Local Civil Rules. The failure of a party or attorney to comply with the provisions of this Order or the Local Civil Rules will be viewed with disfavor and may result in the imposition of sanctions. The parties are advised that requests for extensions of time will also be viewed with disfavor and will not be granted as a matter of course.

Pursuant to the joint report filed according to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26, it is hereby ORDERED that:

Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be made by no later than **July 31, 2021**.

Any amendments to the pleadings, including the joining of parties, shall be made by no later than **August 30, 2021.**

Fact discovery shall be completed by no later than **December 7, 2021.** Each party is limited to 25 interrogatories and **2 depositions**. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

The parties' expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2), if any, shall be made by no later than **January 7, 2022**. Any rebuttal experts shall be disclosed by no later than **February 7, 2022**. Expert discovery shall be completed by no later than **March 7, 2022**.

These dates are flexible. Accordingly, the parties are directed to ensure that all discovery requests are served in sufficient time to allow a response consistent with the timing set forth in the Federal Rules of Civil Procedure and the Local Civil Rules unless otherwise stipulated by the parties. All other discovery procedures agreed to by the parties in their joint report are incorporated by reference herein.

If, at any point in time, the parties desire to have a mediator from the District Court's mediation program appointed to assist with settlement discussions, the parties shall electronically file a motion captioned "Joint Motion for Appointment of a Mediator."

Pursuant to Local Civil Rule 7(m), counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the disputes to the Court. See Local Civ. R. 7(m) ("Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.").

Any motion that does not comply with Local Civil Rule 7(m) may be, *sua sponte,* denied by the Court.

Counsel are hereby notified that the party that does not prevail in a discovery dispute shall be ordered to pay the costs involved, including reasonable attorney's fees, absent a determination by the Court that such an award would be unjust.

All dates in this Order are firm and may not be altered by the parties, without seeking leave of the Court. Any request for an extension of time shall be made by filing a motion and shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates. A motion for extension of time that is filed on the date that a filing is due will be viewed with extreme disfavor.

Counsel are instructed to read the D.C. Circuit's opinion in *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.,* 101 F.3d 145, 152 (D.C. Cir. 1996) ("In implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress' concern for the fair and efficient administration of justice.").

Counsel are also directed to review the D.C. Bar Voluntary Standards for Civility in Professional Conduct, located in Appendix B to the Local Civil Rules. The Court expects counsel and *pro se* parties to conduct themselves in conformance with these standards.

It is **FURTHER ORDERED** that the Clerk of the Court is not required to provide hard copies of any pleading filed electronically in the above captioned case to supernumerary attorneys of a law firm who have not entered their appearance on the electronic case filing system ("ECF") and registered for a password granting them access to electronic dockets.

**SO ORDERED.**

_____
Hon. Amy Berman Jackson
United States District Judge