UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| NA'EEM BETZ, | ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 21-1080 (ABJ) |
| MY COMPUTER CAREER, INC., | ) ) ) | |
| Defendant. | ) ) | |

# SCHEDULING ORDER

After the scheduling teleconference held on July 16, 2021, and in light of the joint report submitted by the parties pursuant to Local Civil Rule 16.3, it is **ORDERED** that:

1. Initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) are due by July 31, 2021.

2. Any motion to join additional parties or amend pleadings is due by August 30, 2021.

3. All discovery must be completed by December 7, 2021.

4. A post-discovery status hearing will be held on December 10, 2021, at 10:00 am, in person in Courtroom 3 before Judge Amy Berman Jackson. The schedule for dispositive motions will be established at that time if necessary.

It is **FURTHER ORDERED** that the parties must read and comply with all of the Local Rules of this Court, particularly Local Civil Rules 5.1(a),(b), and (d); 5.2(a); and 5.4. Rule 5.2(a) shall apply to any initial disclosures or expert disclosures or any other discovery materials transmitted pursuant to Federal Rule of Civil Procedure 26 or this Scheduling Order. All rules will be enforced by the Court whether they are specifically mentioned in this Scheduling Order or not.

## DISCOVERY

The parties are required to confer in good faith in an effort to resolve all discovery disputes before bringing any dispute to the Court.  **If the parties have conferred about the specific matter in dispute and agree that they cannot resolve the issue themselves, counsel for defendant may contact chambers to arrange a telephone conference with the Court, the plaintiff, and the defendant, and propose times that are convenient to both sides.  No written discovery motion may be filed without a prior conference with the Court and leave of Court.**

With respect to depositions, the Court expects that the parties will endeavor in good faith to resolve disputes among themselves, and it cautions that while appropriate objections may be noted for the record, no lawyer may instruct a witness not to answer a question unless the question calls for the revelation of privileged material.  Disputes brought to the Court for resolution may be subject to the sanctions provisions set forth in Federal Rule of Civil Procedure 37 and Local Civil Rule 26.2(a).

## SCHEDULING MATTERS

The parties are directed to contact the Court's Courtroom Deputy in the first instance to request the rescheduling of court appearances.  The party seeking the change in schedule must first confer with the other party and be prepared to provide the Courtroom Deputy with proposed mutually agreeable dates.

Extensions of time to file dispositive motions, status reports, or expert witness designations, or to complete discovery, will be granted as a matter of course if all parties consent and if the extensions will not require a change in any scheduled court appearance (status conference, motion hearing, pretrial conference, trial).  But **any motion to extend a deadline set by the Court must be filed at least two business days prior to the date to be extended**.  Motions

that do not comply with this requirement, including consent motions, will be denied absent a statement demonstrating good cause for the failure to do so.

## MOTIONS

Motions that do not comply with Local Civil Rule 7 may be denied or stricken *sua sponte*.

A party seeking leave to file a pleading in excess of the page limits set by Local Rule 7(e) must request leave to do so at least one week before the pleading is due.

Parties must comply with Local Civil Rule 5.1(d), which requires the use of 12 point font for footnotes as well as the body of any pleading.

A party may not file a sur-reply without first requesting leave of the Court.

Motions for reconsideration of prior rulings are strongly discouraged. They may be filed only when the requirements of Federal Rules of Civil Procedure 54(b), 59(e), and/or 60(b) are met. If such a motion is filed, it shall not exceed ten (10) pages in length. Moreover, the Court may strike: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

The parties may file a joint motion for a protective order governing the treatment of confidential material such as medical or personnel records. However, the order may not require that if submitted to the court, confidential material "must be filed under seal"; it may provide that such material must be filed with a motion for leave to file under seal in accordance with Local Civil Rule 5.1(h)(1).

## SETTLEMENT

The parties are expected to continue to evaluate their respective cases for settlement purposes, and the parties may notify chambers at any time if they *jointly* conclude that the case

would benefit from the assistance of a Magistrate Judge or if they *jointly* request that the matter be returned to the Court's Mediation Program. If the case settles in whole or in part, the parties shall advise the Court by promptly filing a stipulation.

 **SO ORDERED.**

_____
AMY BERMAN JACKSON
United States District Judge

DATE: July 16, 2021