## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

---

|                              |     |                                   |
|------------------------------|-----|-----------------------------------|
| NA'EEM BETZ,                 | )   |                                   |
|                              | )   |                                   |
| Plaintiff,                   | )   |                                   |
|                              | )   |                                   |
| v.                           | )   | Civil Action No. 21-1080 (ABJ)    |
|                              | )   |                                   |
| MY COMPUTER CAREER, INC.,    | )   |                                   |
|                              | )   |                                   |
| Defendant.                   | )   |                                   |

---

## ORDER

On April 16, 2021, *pro se* plaintiff Na'eem Betz filed a complaint against defendant My Computer Career, Inc., alleging violations of the Telephone Consumer Protection Act's "Do-Not-Call" provisions, 47 U.S.C. § 227(c)(5), which prohibit sellers or entities telemarketing on behalf of sellers from initiating a telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national "Do-Not-Call" registry, 47 C.F.R. § 64.1200(c)(2). Compl. [Dkt. # 1] ¶¶ 2–4. Plaintiff claims that defendant "repeatedly harass[ed] [him] by calling his wireless telephone number ending in 8063, which is registered on the [] National Do Not Call Registry," and that he never authorized defendant to call him. Compl. ¶¶ 4, 19. These calls, plaintiff alleges, caused him "emotional damage, extra electricity usage, extra battery usage and were a direct invasion of [his] privacy." Compl. ¶ 19.

After a scheduling teleconference with the parties on July 16, 2021, the Court ordered that "[a]ny motion to join additional parties or amend pleadings is due by August 30, 2021." Scheduling Order [Dkt. # 11] at 1. Two months after this deadline, on November 1, 2021, plaintiff

filed a motion for leave to amend his complaint.[1]  Pl.'s Mem. of Law in Support of Mot. for Leave to Refile Am. Pleading [Dkt. # 16] ("Mot.").  Plaintiff moves to amend his complaint to add a new party, "508 Software, LLC," whom he alleges used his wireless telephone and "illegally/unlawfully typed [it] into the other [d]efendant['s] website . . . to purposely invoke these telemarketing calls to [p]laintiff."  Mot. at 3.  Plaintiff claims that "[t]here is no coincidence that after [he] purchased disk recovery software from . . . 508 Software, LLC . . . on February 1st, 2021 [within] a month and a week later a telemarketer [My Computer Career, Inc.] started calling [him] on March 8th, 2021."  *Id.*  Plaintiff also wishes to add a new count, alleging violations of another Telephone Consumer Protection Act provision, 47 U.S.C. §§ 227(b)(1)(A)(iii), which places restrictions on the use of automated telephone equipment.  *Id.*  He maintains that the Court should permit him to amend his complaint because he "is not guilty of undue delay," "diligently moved to amend as soon as it became apparent that the amendment was necessary," and "the [d]efendant will not be prejudiced by any delay that [p]laintiff's amended pleading may cause."  *Id.* at 5–6.  Plaintiff adds that "the Court will not be substantially burdened by any delay that [his] amended pleading may cause."  *Id.* at 6.

Defendant My Computer Career, Inc. opposes plaintiff's motion to amend his complaint.  Def.'s Opp. to Mot. [Dkt. # 17] ("Opp.").  Defendant argues that "[p]laintiff fails to address the correct standard by which requests to amend after a court-ordered deadline are evaluated . . . the

---

1       Plaintiff previously moved to amend his complaint on August 27, 2021.  Pl.'s Mem. of Law in Support of Mot. for Leave to File Am. Pleading [Dkt. # 13].  The Court denied this motion because plaintiff "stated that the proposed amendments do not add any new claims . . . and that what he wishes to add are additional facts in support of his claims. . . . But many of the newly added paragraphs are merely arguments aimed at the defenses in the answer and statements made by the defendant at the Initial Scheduling Conference . . . and they add little that could be called factual to what is already a very argumentative complaint."  Min. Order (Oct. 20, 2021).

more stringent 'good cause' standard imposed by Rule 16(b)," but nonetheless, that "[p]laintiff could not establish good cause under these circumstances even if he tried."  Opp. at 1.  This is because, defendant contends, plaintiff has not shown "both diligence ***and*** a lack of prejudice to the opposing parties."  *Id.* at 6 (emphasis in original).  As pertains to diligence, defendant argues that plaintiff "could have raised his proposed new claim at any time since the beginning of the case," but "provides no reason why he could not have added this claim as part of his original complaint or even his prior attempt to amend."  *Id.* at 7.  As pertains to prejudice, defendant argues that it "would be prejudiced by the proposed amended complaint as it would come too late in the discovery process and would require substantial additional discovery of a new defendant that [it] has no relation to or prior knowledge of," *id.* at 8, and moreover, that plaintiff has added "an entirely new claim with entirely new elements and proof needed – evidence that [it] had no reason to inquire into or develop while fact discovery was open."  *Id.* at 9.[2]

In general, a trial court "should freely give leave [to amend a complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This Rule reflects the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962), citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957) (internal quotation marks omitted).  A court may deny the motion only if amendment would cause undue delay or prejudice to the opposing party, or if

---

2       Plaintiff also submitted a reply in support of his motion.  *See* Pl.'s Reply in Support of Mot. [Dkt. # 22] at 8.

the proposed amendment would be futile. *Foman*, 371 U.S. at 182; *see Atchinson v. District of Columbia*, 73 F.3d 418, 425–26 (D.C. Cir. 1996).[3]

However, because the Court entered a Scheduling Order and plaintiff's motion was filed *after* the deadline to amend the pleadings set out in the Scheduling Order, the motion to amend is

---

3      The delay and prejudice factors are closely linked; an amendment may be denied on the grounds of undue delay only if the delay causes undue prejudice to the party opposing the motion. *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330–31 (1971) ("[I]n deciding whether to permit such an amendment [under Rule 15(a)], the trial court was required to take into account any prejudice that [plaintiff] would have suffered as a result."); *Atchinson*, 73 F.3d at 426 (D.C. Cir. 1996) ("Consideration of whether delay is undue, however, should generally take into account the actions of other parties and the possibility of any resulting prejudice."); *Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prods Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976) ("Mere delay is not a reason in and of itself to deny leave to amend."). Determinations of undue delay are not "based solely on [the] time elapsed between the filing of the complaint and the request for leave to amend," *PCH Mut. Ins. Co. v. Cas. & Sur., Inc.*, 271 F.R.D. 4, 7 (D.D.C. 2010) (alteration in original), citing *Adair v. Johnson*, 216 F.R.D. 183, 186 (D.D.C. 2003), or on the prolonged nature of a case. *See Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1084 (D.C. Cir. 1998); *see also Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 39 (D.C. Cir. 2014) ("[T]he grant of leave to amend a complaint might often occasion some degree of delay and additional expense.").

To demonstrate the necessary additional element of undue prejudice, "[the opposing party] must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Dooley v. United Techs. Corp.*, 152 F.R.D. 419, 425 (D.D.C. 1993) (alteration in original), quoting *Foremost–McKesson Inc. v. Islamic Rep. of Iran*, 759 F. Supp. 855, 858 (D.D.C. 1991); *see also Societe Liz, S.A. v. Charles of the Ritz Grp., Ltd.*, 118 F.R.D. 2, 4 (D.D.C. 1987) (finding undue prejudice when motion to amend was filed just prior to close of discovery and trial was fast approaching); *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, Civ. A., No. 83-3347, 1987 WL 9232, at *2 (D.D.C. Mar. 25, 1987) (finding undue prejudice when proposed amendment would prolong discovery after previously announced deadline). Undue prejudice sufficient to deny leave to amend can also be established when an amendment "bears only a tangential relationship to the complaint or changes the character of the litigation." *PCH*, 271 F.R.D. at 7, quoting *Adair*, 216 F.R.D. at 186.

A plaintiff's motion for leave to amend a complaint should be denied as "futile" if the proposed amendments would not survive a Rule 12(b)(6) motion to dismiss. *Aguiar v. Drug Enf't Admin.*, 992 F.3d 1108, 1113–14 (D.C. Cir. 2021), citing *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012); *Graves v. United States*, 961 F. Supp. 314, 317 (D.D.C. 1997), citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 1990).

subject to review under Federal Rule of Civil Procedure 16.  This Rule sets out that "[a] schedule may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4) – a more stringent standard than under Rule 15(a)(2).  *See Headfirst Baseball LLC v. Elwood*, 206 F. Supp. 3d 148, 152 (D.D.C. 2016) ("'Although the D.C. Circuit has not had occasion to address this issue, district court case law [in this District] makes clear that once the court enters a scheduling order, that schedule can only be modified with the court's consent and with good cause shown.'"), citing *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 143 (D.D.C. 2013); *see also* L. Cv. R. 16.4 ("The Court may modify the scheduling order at any time upon a showing of good cause.").  "This approach is consistent with the circuits that have addressed this question."  *A Love of Food I*, 292 F.R.D. at 144 (citing cases from the First, Second, Fifth, Sixth, Eighth, and Eleventh Circuits).

The "good cause" standard requires plaintiff to establish "that he acted with adequate diligence," meaning that the Court must "focus on the reasons the [moving party] has given for his delay instead of the substance of the proposed amendment."  *Richardson v. Yellen*, 323 F.R.D. 444, 446 (D.D.C. 2018).  Plaintiff must also establish that "the opposing party will not be prejudiced by an amendment to the pleadings."  *Id.* at 447.

Plaintiff has not explained why his filing is delayed, other than to say he "diligently moved to amend as soon as it became apparent that the amendment was necessary," Mot. at 6, and that "[t]he amendments are tailored to reflect the present circumstances and [p]laintiffs' present understanding of the case."  Mot. at 2.  But he has not offered information about why he has waited to add the new claim or the new party – particularly if he was aware of it as of February 1, 2021.  *See* Mot. at 3.  Further, plaintiff has not established that defendant will not be prejudiced by this amendment, which came not only after the Scheduling Order deadline, but also after discovery

was well underway and the parties were already engaged in the mediation of discovery disputes. *See* Min. Order (Aug. 16, 2021).  Plaintiff has not supplied good cause to inject another party into this process at this point based on the mere fact that the alleged harassing phone calls began five weeks after he voluntarily made a purchase from the third party, or based on the highly speculative and conclusory allegation that the third party obtained his telephone number as part of the sales transaction and then somehow "illegally/unlawfully typed [it] into the other [d]efendant['s] website . . . to purposely invoke these telemarketing calls to [p]laintiff."  Mot. at 3.

For these reasons, plaintiff's Motion for Leave to Refile an Amended Pleading [Dkt. # 16] is **DENIED**.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  March 18, 2022

6