UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NA'EEM BETZ,** <br><br> Plaintiff, <br><br> v. <br><br> **MY COMPUTER CAREER,** <br><br> Defendant. | No. 21-CV-1080-ABJ-ZMF |

### Memorandum Opinion

On August 16, 2021, Judge Amy Berman Jackson referred this case to a magistrate judge to resolve any discovery disputes. *See* Minute Order, Aug. 16, 2021. Before the Court today is Defendant My Computer Career's ("MCC") Motion for Sanctions pertaining to Plaintiff Mr. Betz's deficient discovery responses. *See* ECF No. 26 (Def.'s Mot.). Upon careful consideration of the motions and responses thereto, the applicable law, and the entire record, Defendant's Motion for Sanctions is GRANTED in part and DENIED in part.

**I.   BACKGROUND**

  A.   Procedural History

Mr. Betz and MCC are engaged in a dispute over alleged violations of the Telephone Consumer Protection Act's "Do-Not-Call" provisions in 47 U.S.C. § 227(c). *See* ECF No. 1 (Compl.) ¶¶ 2–4. This law prohibits telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national "Do-Not-Call" registry. *See* 47 C.F.R. § 64.1200(c)(2). Mr. Betz claims that MCC "repeatedly harass[ed] [him] by calling his

1

wireless telephone number ending in 8063, which is registered on the [] National Do Not Call Registry." Compl. ¶¶ 4, 19.

Judge Jackson ordered discovery to be completed by December 7, 2021. *See* ECF No. 11 (Scheduling Order). On December 10, 2021, MCC notified the Court that Mr. Betz failed to respond to any of MCC's discovery requests. *See* ECF No. 18 (Joint Status Report). In response, the Court ordered Mr. Betz to respond to the outstanding discovery requests. *See* Minute Order (Dec. 14, 2021). The Court warned Mr. Betz that his failure to comply could result in the waiver of objections and/or case dismissal. *See id.* On December 28, 2021, Mr. Betz produced discovery responses. *See* Def.'s Mot. at 3. However, Mr. Betz's responses were again deficient. *See id*. Mr. Betz did not answer or object to many of the MCC's discovery requests and produced non-responsive documents. *See id.*

On January 25, 2022, the Court held a hearing to remind Mr. Betz of his discovery responsibilities and warn him—again—of the consequences of noncompliance. *See* Minute Order (Jan. 27, 2022). The Court further warned Mr. Betz that Federal Rule of Civil Procedure 34 disfavors "boilerplate objections" and instead demands specific reasons for objections. *See id.* The Court ordered Mr. Betz to respond to MCC's discovery requests by February 9, 2022. *See id.*

On February 8, 2022, Mr. Betz filed an emergency motion to extend the deadline to respond to MCC's discovery requests. *See* ECF No. 24 (Pl.'s Mot. for Ext.). MCC opposed Mr. Betz's extension request, *see* ECF No. 25 (Def.'s Opp. Mot.), and moved for sanctions in response, *see* Def.'s Mot. After Mr. Betz showed good cause to justify his request, the Court allowed him to complete his discovery responses by February 23, 2022 and denied MCC's motion for sanctions without prejudice. *See* Minute Order (Feb. 15, 2022).

On February 23, 2022, Mr. Betz responded to MCC's discovery requests in a 37-page document, which is attached as Exhibit 1.  MCC subsequently renewed its motion for sanctions via email to chambers.  Mr. Betz's discovery responses are detailed below.

B.        Mr. Betz's Discovery Responses

The first nine pages of Mr. Betz's discovery responses contain boilerplate objections.  *See* Exhibit 1 at 1–9.  Mr. Betz then responded to each of MCC's requests, responding substantively to some but objecting entirely to most.  *See id.* at 10–40.

1.        *Document Production Responses*

Mr. Betz produced *no* documents and repeated nearly verbatim the following objection to most requests:

> Plaintiff further objects to this request as duplicative and burdensome to the extent that it calls for documents already produced to Defendant. Plaintiff refers the Defendant to his Complaint all exhibits and pending Amended Complaint and incorporates that pleading into these requests. Subject to the above objections, Plaintiff has no other responsive documents in its possession, custody, or control, other than those that have already been produced to Defendant. Plaintiff further objects to this request to the extent that it relies upon the terms all "documents" and "third parties."

*See id.* at 25–35.

The only other response Mr. Betz made was an objection to Document Request No. 2 with the following attorney-client privilege objection:

> Plaintiff further objects to this request, whether broadly or more narrowly construed, to the extent it seeks production of documents protected by the work product doctrine, the privilege, or the attorney-client privilege.

*See id.* at 25.  He made this objection despite proceeding *pro se*.

2.  *Interrogatory Responses*

MCC propounded 15 interrogatories. Mr. Betz responded partially to ten interrogatories—numbers 1, 2, 3, 4, 7, 11, 12, 13, 14 and 15—and objected entirely to the other five—numbers 5, 6, 8, 9, and 10. His boilerplate objections generally tracked the following script:

> Plaintiff objects to this Interrogatory as compound. Plaintiff objects to this interrogatory on the grounds that it is overly broad and uses language that requires a search for information that far exceeds the scope of relevant information. The question does not request admissible evidence nor is it designed to lead to the discovery of admissible evidence. Plaintiff objects to the Interrogatories in their entirety to the extent any such instruction, definition, or Interrogatory is overbroad and unduly burdensome, particularly to the extent they seek "all," "each," or "any" documents, witnesses, individuals, persons, organizations, statements, or facts that refer or relate to various subject matters. Fed. R. Civ. Proc. 26(b)(1), (2). To the extent Plaintiff responds to such Interrogatories, Plaintiff will use reasonable diligence to identify responsive documents, witnesses, individuals, persons, organizations, statements, or facts in its possession, custody, or control, based on its present knowledge, information, and belief.

*See id.* at 17–20.

3.  *Request for Admission Responses*

Despite lodging some objections, Mr. Betz responded to all of MCC's Requests for Admission. *See id.* at 36–40.

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 37(b)(2) empowers courts to sanction a party that fails to comply with a discovery order. Rule 37 "authorize[s] a wide array of sanctions, including staying the proceedings pending compliance with a court order, taking certain facts as established, prohibiting a party from introducing certain matters into evidence, finding a party in contempt of court, and dismissing the action or any part thereof." *Peterson v. Hantman*, 227 F.R.D. 13, 15 (D.D.C. 2005). The court also has the authority to award reasonable expenses, including attorney's

4

fees, caused by the failure to obey a court order "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). "District courts enjoy substantial discretion in deciding *whether* and how to impose sanctions under Rule 37." *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 220–21 (D.D.C. 2001) (quoting *Alexander v. FBI*, 186 F.R.D. 78, 88 (D.D.C. 1998)). "However, the court's discretion is not without limits . . . [as] any sanctions awarded must be proportional to the underlying offense." *Caldwell v. Ctr. for Corr. Health & Pol'y Stud., Inc.*, 228 F.R.D. 40, 42 (D.D.C. 2005) (citing *Bonds v. D.C.*, 93 F.3d 801, 808 (D.C. Cir. 1996)). "Even the most severe Rule 37 sanctions 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result' in a sanction." *S.E.C. v. Setteducate*, 419 F. App'x 23, 24 (2d Cir. 2011) (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

### III.   ANALYSIS

#### A.   Mr. Betz's Objections

"[T]he party objecting to discovery bears the burden of 'show[ing] why discovery should not be permitted.'" *Alexander v. F.B.I.*, 193 F.R.D. 1, 3 (D.D.C. 2000) (quoting *Corrigan v. Methodist Hosp.*, 158 F.R.D. 54, 57 (E.D. Pa. 1994)). A party objecting to a document request must "includ[e] the reasons" for the objection. Fed. R. Civ. P. 34(b)(2)(B). "'[B]oilerplate' general objections to [] discovery requests, without more, fail to satisfy the [objecting party's] burdens under the Federal Rules of Civil Procedure to justify its objections to discovery." *DL v. D.C.*, 251 F.R.D. 38, 43 (D.D.C. 2008).

##### 1.   *Document Production*

Mr. Betz produced no documents (outside of recycling documents produced by MCC) and made the same boilerplate objections to most of MCC's document production requests. *See*

Exhibit 1 at 25–35.  Mr. Betz's "blanket objections as to relevance, burdensomeness[,] and attorney-client privilege . . . do not comply with Fed. R. Civ. P. 34(b)." *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998).[1]  Mr. Betz's objections "are not applied with sufficient specificity to enable this court to evaluate their merits . . . [and] this Court will overrule [his] objections in their entirety." *DL*, 251 F.R.D. at 43.

      2.    *Interrogatories*

Mr. Betz provided no responses to interrogatories 5, 6, 8, 9, or 10, save his boilerplate objections.  *See* Exhibit 1 at 17–20.  Furthermore, his responses to interrogatories 3, 4, and 7 are "incomplete and inadequate" because they fail to answer the entire question.  *Shvartser v. Lekser*, 321 F.R.D. 23, 24 (D.D.C. 2017).  These eight responses are "far from the full answers required by Rule 33."  *Id.*  Thus, the Court will again "overrule [his] objections in their entirety." *DL*, 251 F.R.D. at 43.

However, Mr. Betz's responses to interrogatories 1, 2, 11, 12, 13, 14 and 15 are sufficiently detailed to survive this pleadings-level review.  If MCC believes these objections are unsupported by fact or law, MCC must file a motion to compel.

    B.    <u>Sanctions</u>

The discovery rules include "various sanctions to provide incentive for parties to cooperate and comply, as well as protection for litigants that encounter recalcitrant adversaries." *S.E.C. v. Hiestand*, No. 94-cv-2633 (RCL), 1997 WL 459853, at *6 (D.D.C. July 31, 1997).  "Although the court appreciates that [Mr. Betz] is *pro se* and provides some allowances for that, [his] *pro se* status does not excuse [his] failure to make a good-faith effort to meet [his] discovery obligations."

---

[1] Mr. Betz's attorney-client privilege objection is inapt given he is a non-attorney proceeding *pro se*.  *See Banneker Ventures, LLC v. Graham*, 253 F. Supp. 3d 64, 70 (D.D.C. 2017) (explaining requirements for attorney-client privilege).

6

*Lekser*, 321 F.R.D. at 24.  Indeed, Mr. Betz was warned on multiple occasions of the consequences of failing to respond adequately to the outstanding discovery requests.  *See* Minute Order (Jan. 27, 2022); *see also* Minute Order (Feb. 15, 2022) (warning that failure to respond could result in Mr. Betz's objections being waived).

MCC renewed its motion for sanctions against Mr. Betz pursuant to Rule 37.  *See supra.*  Specifically, MCC requests a wide range of sanctions including dismissal of his case, application of spoilation sanctions to the unanswered discovery requests, awarding MCC its attorney's fees, and/or waiving Mr. Betz's objections to the discovery responses.  *See id.* at 8–9.  While Mr. Betz has failed to provide adequate responses to many of MCC's discovery requests, he has not yet engaged in conduct necessitating the harsh sanctions of dismissal, spoilation, or awarding MCC attorney's fees.  *See Lekser*, 321 F.R.D. at 24–25 (waiving objections but denying harsher sanctions where plaintiff provided incomplete discovery responses and "missed *all* of the relevant deadlines by a wide margin").  In fact, many of the cases MCC cites involve more egregious conduct or impose sanctions less harsh than dismissal.  *See In re Keenan*, No. 07-cv-451, 2007 WL 2405682, at *1 (S.D. Cal. Aug. 15, 2007) (denying a motion for extension after four previous extensions of the deadline to file reply brief); *United States v. Pospisil*, 127 F. Supp. 2d 1059, 1062 (W.D. Mo. 2000) (granting default judgment only after defendant failed to respond to complaint and ignored multiple court orders); *Bryant v. Lazer Spot, Inc.*, No. 12-CV-00925-WTL, 2013 WL 587396, at *2 (S.D. Ind. Jan. 15, 2013) (recommending dismissal where plaintiff failed to participate in two hearings and a telephonic status conference).  Mr. Betz has not missed a court hearing and has, at the very least, attempted to respond to court orders requiring him to supplement his discovery obligations.  As such, Mr. Betz's objections are deemed waived and he is ordered to respond to MCC's requests for document production and interrogatories identified below within

14 days of this Order. *See, e.g.*, *Lekser*, 321 F.R.D. at 24. While spoilation sanctions and dismissal are not appropriate now, "[Mr. Betz] is on notice that if [he] fails to comply with the Court's orders moving forward, 'the Court will be forced to issue harsher sanctions.'" *Lekser*, 321 F.R.D. at 25 (quoting *Davis v. D.C. Child & Family Servs. Agency*, 304 F.R.D. 51, 64 (D.D.C. 2014)).

## IV.     CONCLUSION

For the reasons stated above, it is hereby ORDERED that MCC's Motion for Sanctions is GRANTED in part; it is further

ORDERED that Mr. Betz shall provide complete responses to MCC's Interrogatories 3, 4, 5, 6, 7, 8, 9, and 10 by no later than April 8, 2022; it is further

ORDERED that Mr. Betz shall produce all documents in response to MCC's Requests for Production of Documents by no later than April 8, 2022.[2]

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

---

[2] This is an Order issued pursuant to Local Rule 72.2. *See Haughton v. D.C.*, 161 F. Supp. 3d 100, 102 (D.D.C. 2014). Pursuant to LCvR 72.2, any party may file written objections to this ruling within 14 days after being served. The objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection. The filing of oppositions and replies shall be governed by LCvR 7(b) and (d). When considering an objection, the District Judge will determine whether this Order is clearly erroneous or contrary to law. *See* LCvR 72.2(c); *see also Haughton*, 161 F. Supp. 3d at 102.